(10 Misc. Rep. 497.)

ANDERSON v. HOOPLE et al.

(City Court of New York, General Term. December 17, 1894.)

EVIDENCE—CONCLUSIONS OF WITNESS.

On an issue as to whether an order which named a foreign corporation as payee was in fact made to plaintiff, who was manager of the corporation, it is error to permit the payee to be asked if he transacted business individually.

Appeal from trial term.

Action by John R. Anderson against William H. Hoople and others. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

The complaint is as follows:

The plaintiff complains of the defendants, and alleges as follows: First. That on or about the 30th day of June, 1892, the said defendants herein entered into a contract in writing with the Weedon Plan & Construction Company, of the city and county of New York, wherein and whereby the said Weedon Plan & Construction Company was to erect and complete in all particulars the Windsor Terrace Methodist Episcopal Church at Flatbush, Long Island; that a copy of said contract is hereto annexed and marked "Plaintiff's Exhibit A." Second. That, among other things, it was provided by said contract as follows: "That all bills for timber and lumber are to be paid by the said trustees representing the said church, and all such bills are to be held by them as vouchers that the said timber and lumber is free from any lien or incumbrance. The amounts of such bills are to be deducted from the payments falling due the Weedon Plan & Construction Company." Third. That thereafter, and upon the order of the Weedon Plan & Construction Company, the firm of Mackintosh & Company delivered and furnished, for the Windsor Terrace Methodist Episcopal Church, timber and lumber to the amount of five hundred dollars. Fourth. That thereupon the said Weedon Plan & Construction Company gave to said Mackintosh & Company an order in writing for five hundred dollars, drawn upon the trustees of the Windsor Terrace Methodist Episcopal Church, the defendants in this action. Fifth. That thereafter John R. Anderson, the plaintiff herein, purchased from the said firm of Mackintosh & Company the aforesaid order for five hundred dollars, drawn, as before described, upon the trustees of the Windsor Terrace Methodist Episcopal Church, paying therefor the sum of five hundred dollars cash. Sixth. That thereupon, and on or about the 15th day of September, 1892, the plaintiff herein duly presented the aforesaid order to the trustees of the Windsor Terrace Methodist Episcopal Church, and demanded payment thereof, which was refused. Wherefore the plaintiff demands judgment against the defendants for the sum of five hundred dollars, with interest thereon from the 15th day of September, 1892, besides the costs of this action.

The order sued on and the check referred to in the opinion are as follows:

Long Island City, N. Y., August 19, 1892.

E. B. Estes, Esq., Treas. M. E. Church, Flatbush, L. I.: Please pay to the order of Jno. R. Anderson Co. five hundred dollars, same to be deducted from payment due us of seven hundred dollars.

[Signed] Mackintosh & Co.

No. 1240. New York, Aug. 19th, 1892.

Merchants' Exchange National Bank, of the City of New York: Pay to the order of Mackintosh & Co. five hundred dollars.

$500.00. John R. Anderson Co.,

By Jno. R. Anderson, Mgr.

Argued before VAN WYCK, FITZSIMONS, and CONLAN, JJ.

George Murray Brook, for appellants.
Menken Bros., for respondent.

FITZSIMONS, J.    The complaint alleged that the $500 order upon which this action is based was made to plaintiff.    This fact was expressly denied by the answer of defendant Hoople.    It was therefore the duty of plaintiff to establish this issue in his favor by a preponderance of proof.    This he failed to do; in fact, his testimony showed that said order was made to the John R. Anderson Company, a New Jersey corporation, doing business in this city.    The check given to secure the assignment of said order was also the check of said corporation.    The attempt of Anderson to show, at folio 73 of the case, that, notwithstanding the statement in the order and check, the assignment was to him, and not to the Anderson corporation, must be considered futile by us, because it was error for the trial justice to permit the witness to answer the question at folio 73, as follows:    "Q. The transactions with the trustees and with everybody were with yourself individually?"—which was objected to, upon the ground that it called for a conclusion, and was incompetent.    It was error for the trial justice to have overruled the objection.    It should have been sustained, and the answer not allowed.    With the answer to said question out of the record, it shows, as before stated, that the order in question was made to the Anderson Company, and its check accepted for the same.    Therefore, in our judgment, the motion made by defendants' attorney at the close of testimony for a dismissal of the complaint, upon the grounds:    First, that the evidence failed to show any cause of action in favor of the plaintiff against the defendant Hoople; and, second, that no title in the plaintiff to the order set up in the complaint had been shown,—should have been granted, and the complaint dismissed.    It was error to direct a verdict upon the evidence in plaintiff's favor.    Judgment must be reversed, and a new trial ordered.    All concur.